UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORRECTIONS USA, a
California Mutual Benefit
Corporation; MIKE JIMENEZ,
as a Representative of the
Members of Corrections USA,
a California Mutual Benefit
Corporation,

                              NO. CIV. S-07-653 LKK/EFB

      Plaintiffs,

   v.

                              O R D E R

BRIAN DAWE, RICHARD LOUD;
GARY HARKINS; and DOES 1-100,
inclusive,

      Defendants.
_____/

     Plaintiffs bring suit for, inter alia, breach of fiduciary duties and fraud. Plaintiffs are Corrections USA ("CUSA"), a California mutual benefit corporation representing publicly employed correctional officers, and Mike Jimenez, the incorporator of CUSA. Compl. ¶ 1-2. Defendants (Brian Dawe, Richard Loud, and Gary Harkins) are former officers of CUSA. Plaintiffs allege that defendants breached their fiduciary duty to CUSA when they used CUSA funds and property to create the American Correctional Officer

1

1 ("ACO") and the American Correctional Officer Intelligence Network

2 ("ACION").

3      Pending before the court is defendant Harkins' motion to

4 dismiss, to strike and for a more definite statement.  For the

5 reasons discussed herein, the motion is granted in part and denied

6 in part.

7                                   **I.**

8                          **FACTUAL ALLEGATIONS**

9      CUSA is a California mutual benefit corporation within the

10 meaning of California Corporations Code § 7110.  Its purposes is

11 representing the common concerns among publicly employed

12 Correctional Officers.  Compl. ¶ 1.  Although it is a national

13 organization its principal place of business is in Auburn,

14 California.  The majority of its members also reside in California

15      Defendant Harkins formally served as the Recording Secretary

16 for the CUSA Board of Directors, the Privatization Committee

17 Chairman, and Restructuring Committee Chairman.  He was removed

18 from these positions on September 7, 2006.  Compl. ¶ 13.

19 Plaintiffs allege that in these positions, Harkins had fiduciary

20 duties and duties of loyalty including duties to hold and manage

21 the money and property of CUSA solely for the benefit of the

22 organization and its members, and duties to refrain from acquiring

23 a pecuniary interest and any other interest adverse to the

24 interests of the organization and its members.  Compl. ¶ 17.

25      Sometime in August of 2006, defendant Harkins, along with the

26 two other named defendants, founded two new organizations, the

                                    2

1  American Correctional Officer("ACO")and American Correctional
2  Officer Intelligence Network ("ACOIN").  Plaintiffs allege that
3  these two organizations are competing with CUSA and have virtually
4  the same mission statement of CUSA, namely, providing a national
5  voice for publicly employed correctional officers.  Compl. ¶ 20.
6  Plaintiffs aver that defendants used CUSA property, such as
7  membership lists and other records, to create ACO and ACOIN.
8  Compl. ¶ 41 & 43.   Plaintiffs also allege defendants stole CUSA
9  funds from CUSA bank accounts, including membership dues, for their
10 own personal gain and to fund ACO and ACION.  Compl. ¶¶ 44 & 45.
11 Finally, defendants allegedly interfered with CUSA's contacts by
12 soliciting CUSA members to join ACO and ACION and by telling
13 businesses not to do business with CUSA. Compl. ¶¶ 119, 136, and
14 137.  Plaintiffs maintain that ACO and ACION had essentially the
15 same mission as CUSA and therefore, the new organizations were in
16 direct competition with CUSA.

17     The gravamen of plaintiffs' complaint is that defendants
18 breached their fiduciary duty when they misappropriated CUSA funds
19 and property for personal use and for use in creating the two new
20 organizations, ACO and ACION.   Plaintiffs also allege that
21 defendants attempted to divert CUSA members to the two new
22 organizations and solicited business away from CUSA.

23     Plaintiffs' complaint alleges eleven causes of action: breach
24 of fiduciary duty, conflict of interest, prohibited advances for
25 expenses, falsification and failure to keep adequate books and
26 records, interference with business relations, interference with

prospective business relations, unauthorized use of another's name, prohibited use of membership list, fraud, conversion and accounting.

The case was initially filed in state court and was removed by all the named defendants on the basis of diversity jurisdiction. Plaintiffs did not challenge the removal.

## II.

### STANDARDS

### A.   Motion to Dismiss for Failure to State a Claim

On a motion to dismiss, the allegations of the complaint must be accepted as true.  See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated General Contractors of

4

1 California, Inc. v. California State Council of Carpenters, 459

2 U.S. 519, 526 (1983).  Indeed, "factual allegations must be enough

3 to raise a right to relief above the speculative level."  Bell

4 Atlantic Corp. v. Twombly, --- U.S. ----, 2007 WL 1461066 *8

5 (2007).

6 **B.   Motion to Strike**

7      Rule 12(f) authorizes the court to order stricken from any

8 pleading "any redundant, immaterial, impertinent, or scandalous

9 matter." A party may bring on a motion to strike within 20 days

10 after the filing of the pleading under attack. The court, however,

11 may make appropriate orders to strike under the rule at any time

12 on its own initiative. Thus, the court may consider and grant an

13 untimely motion to strike where it seems proper to do so. See 5A

14 Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

15      Motions to strike are generally viewed with disfavor, and will

16 usually be denied unless the allegations in the pleading have no

17 possible relation to the controversy, and may cause prejudice to

18 one of the parties. See 5A C. Wright & A. Miller, Federal Practice

19 and Procedure, § 1380 (3 ed. 2004); See also Hanna v. Lane, 610 F.

20 Supp. 32, 34 (N.D. Ill. 1985).  If the court is in doubt as to

21 whether the challenged matter may raise an issue of fact or law,

22 the motion to strike should be denied, leaving an assessment of the

23 sufficiency of the allegations for adjudication on the merits. See

24 5A Wright & Miller, supra, at § 1380.

25 **C.   Motion for a More Definite Statement**

26      "If a pleading to which a responsive pleading is permitted is

5

1  so vague or ambiguous that a party cannot reasonably be required

2  to frame a responsive pleading, the party may move for a more

3  definite statement before interposing a responsive pleading." Fed.

4  R. Civ. P. 12(e). "The situations in which a Rule 12(e) motion is

5  appropriate are very limited." 5A Charles A. Wright & Arthur R.

6  Miller, _Federal Practice and Procedure_, § 1377 (3d ed. 2004).

7  Furthermore, absent special circumstances, a Rule 12(e) motion

8  cannot be used to require the pleader to set forth "the statutory

9  or constitutional basis for his claim, only the facts underlying

10 it." _McCalden v. California Library Ass'n_, 955 F.2d 1214, 1223 (9th

11 Cir. 1990). However, "even though a complaint is not defective for

12 failure to designate the statute or other provision of law

13 violated, the judge may in his discretion ... require such detail

14 as may be appropriate in the particular case." _McHenry v. Renne_,

15 84 F.3d 1172, 1179 (9th Cir. 1996).

16                                  **III.**

17                                **ANALYSIS**

18 **A.   Defendant's Motion to Dismiss**

19      Defendant asserts that plaintiff Mike Jimenez should be struck

20 as a plaintiff as he lacks standing.  Defendant also argues that

21 all but plaintiffs' fifth and eleventh claims should be struck for

22 failure to state a claim.  For the reasons discussed herein, the

23 motion is granted in part and denied in part.

24      **1.   Plaintiff Jimenez' Standing to Bring Suit**

25      Defendant argues that since CUSA is a named plaintiff, Mike

26 Jimenez, as a corporate shareholder and officer, is precluded from

asserting a direct (as opposed to derivative) claim against those who allegedly injured the corporate entity.  <u>See</u> Def.'s Mot. to Dis. at 4.  Plaintiffs respond by arguing that because CUSA is a charitable corporation, and because Jimenez was authorized to bring suit by CUSA, Jimenez does have standing.  <u>See</u> Pls.' Opp'n to Mot. to Dis. at 8.

### a.   Applicable Law

As a threshold matter, the court addresses whether state or federal law applies in analyzing Jimenez' standing to bring suit. Under the <u>Erie</u> doctrine, federal courts sitting in diversity must apply state law to substantive issues; however, federal law governs procedural matters.  <u>Erie Railroad Company v. Tompkins</u>, 304 U.S. 64 (1938).   The   Ninth   Circuit   has   concluded   that   "the characterization of an action as derivative or direct is a question of state law." <u>Sax v. World Wide Press, Inc.</u>, 809 F.2d 610, 613 (9th Cir.1987) (citations omitted). However, "[i]n federal courts, derivative suits are subject to the procedural requirements of Fed. R. Civ. P. 23.1. Rule 23.1 governs derivative actions 'to enforce a right of a corporation when the corporation itself failed to enforce a right which may properly be asserted by it in court.'" <u>Id.</u> (citations   omitted).   Accordingly,   once   the   court   has characterized an action as direct or derivative under state law, federal law determines whether the plaintiff has standing to maintain the lawsuit.  <u>See</u> <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 51 F. Supp. 2d 1048, 1053 (D. Hawai'i 1998); <u>Johnson v. Hui</u>, 752 F. Supp. 909, 912 (N.D. Cal. 1990).

1    Under California law, a corporation itself must bring an

2 action for an injury to the corporation.   Sutter v. General

3 Petroleum Corp., 28 Cal. 2d 525, 529-530 (1946).    If the

4 corporation filed suit, individual shareholders, officers and

5 directors are generally precluded from bringing suit for a wrong

6 done by a third person to the corporation.   Id.  If the corporation

7 does not act, a derivative suit may be brought by shareholders

8 and/or officers on the corporations' behalf.   Id.

9 If a stockholder suffered injuries that are separate and distinct

10 from those injuries suffered by the corporation, in some

11 circumstances, both the corporation and individual may bring suit.

12 Id.

13    A suit is derivative "if the gravamen of the complaint is

14 injury to the corporation, or to the whole body of its stock and

15 property without any severance or distribution among individual

16 holders, or it seeks to recover assets for the corporation or to

17 prevent the dissipation of its assets."   Sole Energy Co. v.

18 Petrominerals Corp., 128 Cal. App. 4th 212, 228 (2005) citing Jones

19 v. H.F. Ahmanson & Co., 1 Cal.3d 93, 106-107 (1969).    "The

20 stockholder's individual suit, on the other hand, is a suit to

21 enforce a right against the corporation which the stockholder

22 possesses as an individual."   Sole Energy, 128 Cal. App. 4th at

23 228.

24    If a suit is determined to be derivative and is in federal

25 court, Federal Rule of Civil Procedure 23.1 governs.   See Wright

26 & Miller, 7C Federal Practice & Procedure,  § 1824 at 311 (1972)

("Rule 23.1 . . . [has] been deemed to apply not only to actions originally brought in a federal court but also to actions removed from a state tribunal.") Rule 23.1 provides in pertinent part:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Fed. R. Civ. P. 23.1.

### b.   Whether Pending Suit Is Derivative

In the pending case, Jimenez and CUSA are the two named plaintiffs.  The complaint asserts each of the eleven causes of action by both CUSA and Jimenez.  As to Jimenez, the complaint states as follows: "Plaintiff Mike Jimenez is a member of Corrections USA.  Jimenez is a Board of Directors Director [sic] of Corrections USA and is the incorporator of Corrections USA. Jimenez is duly authorized by the Board of Directors of Correction USA [sic] and brings this action in his representative capacity on behalf of the members Corrections USA."  Compl. ¶ 2.   The complaint provides that CUSA is a corporation within the meaning of California Corporations Code § 7110.

Here, CUSA brings suit on its own behalf.  Specifically, CUSA

9

alleges that defendants breached their fiduciary duties and converted CUSA funds and property for personal use and to create the two new organizations.  Jimenez asserts that he is proceeding in his capacity as a representative of CUSA members and asserts the same claims as CUSA.  The complaint fails, however, to allege how Jimenez – or CUSA members – have been harmed in a manner that is not derivative of the harms suffered by the corporation.  To the extent that Jimenez is bringing suit, he is attempting to bring a derivative suit, as "the gravamen of the complaint is injury to the corporation."  <u>Sole Energy Co.</u>, 128 Cal. App. 4th at 228.

Since CUSA itself filed suit, the interests of the CUSA members are, theoretically, protected.  Had CUSA not filed suit, Jimenez could have, in that circumstance, filed a derivative action.  However, given that CUSA has filed suit, Jimenez has no grounds to also bring a derivative suit.

In their opposition, plaintiffs aver that there is a special exception for charitable corporations.  Plaintiffs maintain that CUSA is a charitable corporation and that pursuant to California Corporations Code § 7142, Jimenez, as an officer and member, may in fact bring suit.[1]

---

[1] Cal. Corp. Code § 7142 provides:

Notwithstanding Section 7141, in the case of a corporation holding assets in charitable trust, any of the following may bring an action to enjoin, correct, obtain damages for or to otherwise remedy a breach of the charitable trust:

(1) The corporation, or a member in the name of the corporation pursuant to Section 7710.

1    The section of the Corporations Code cited to by plaintiffs
2  fails to establish that there is in fact grounds for Jimenez to
3  bring suit when CUSA is also a named plaintiff.  California
4  Corporations Code § 7142 simply states that a director or officer
5  may bring suit – it does not state that a corporation and an
6  officer may both bring suit.

7    Even if there were some sort of exception for charitable
8  corporations or corporations holding assets in charitable trusts,
9  plaintiffs' complaint fails to allege that CUSA is in fact a
10 charitable corporation.   Only in their opposition brief do
11 plaintiffs allege that they meet the criteria for a charitable
12 organization.  See Pls.' Opp'n at 7-8.  Moreover, plaintiffs fail
13 to cite to any case law which states that a non-profit mutual
14 benefit  corporation  may  be  characterized  as  a  "charitable
15 corporation" under California law.

16   The California Supreme Court set forth the definition of a
17 charitable corporation:

18     A charitable corporation is one created for or devoted to
       charitable purposes.  Charitable purposes include (a) the
19
       _____

20     (2) An officer of the corporation.
       (3) A director of the corporation.
21     (4) A person with a reversionary, contractual, or property
       interest in the assets subject to such charitable trust.
22     (5)  The Attorney General, or any person granted relator
       status by the Attorney General.
23
          The Attorney General shall be given notice of any action
24     brought by the persons specified in paragraphs (1) through
       (4), and may intervene.
25
       Cal. Corp. Code § 7142.
26

11

1
2
3
4

> relief of poverty; (b) the advancement of education; (c) the advancement of religion; (d) the promotion of health; (e) governmental or municipal purposes; (f) other purposes the accomplishment of which is beneficial to the community. The common element of all charitable purposes is that they are designed to accomplish objects which are beneficial to the community.

5
6
7
8
9
10
11
12
13
14
15
16
17

Lynch v. Spilman, 67 Cal. 2d 251, 261. (1967).  While CUSA may be a charitable corporation under this definition, plaintiffs have failed to pled as much in their complaint.  Stating that CUSA is non-profit mutual benefit corporation does not therefore mean that the court can characterize CUSA as charitable.  Under California law, "[t]he particular sections under which the corporation was formed is not conclusive on the issue of whether a corporation is charitable or not." Younger v. Wisdom Society, 121 Cal. App. 3d 683, 690 (1981).  Put simply, the complaint is silent as to how CUSA's purpose is charitable.  Accordingly, plaintiff's attempt to avail himself of any charitable corporation exception to the general rules governing derivative suits fails.

18
19
20
21
22
23

Given that CUSA is a named plaintiff in this case and that the complaint sets forth no basis for a "charitable corporations" exception to the rules governing derivative suits, plaintiff Jimenez does not have standing to bring either a direct or derivative suit.  Plaintiffs will, however, be granted leave to file an amended complaint.

24

**2.   Plaintiffs' First, Second, Third, Fourth, Seventh and Ninth Causes of Action**

25
26

Defendant seeks to dismiss plaintiffs' claims which are based on state statutes that do not create private rights of action.

12

Defendant argues that plaintiffs' first, second, third, fourth, seventh and ninth causes of action either rely exclusively on or partially on provisions of the California Corporations Code which do not provide for private rights of action.  Accordingly, defendant asserts that these claims should be dismissed for failure to state a claim.  For the reasons discussed herein, the court only dismisses claims two, three and four.

       **a.   Applicable Law**

As a general matter, where a statute does not explicitly provide for a private action, the proponent must show that the legislature intended to create such a right.  <u>See</u>, <u>e.g.</u>, <u>Agricultural Ins. Co. v.Super. Ct.</u>, 70 Cal. App. 4th 385, 399-400 (1999).  If the legislature intends to create a private cause of action, courts generally assume it will do so "directly [,]. . . in clear, understandable, unmistakable terms. . . ." <u>Moradi-Shalal v. Fireman's Fund Ins. Companies</u>, 46 Cal. 3d 287, 295 (1988). Moreover, "when neither the language nor the history of a statute indicates an intent to create a new private right to sue, a party contending for judicial recognition of such a right bears a heavy, perhaps insurmountable, burden of persuasion." <u>Crusader Ins. Co. v. Scottsdale Ins. Co.</u>, 54 Cal. App. 4th 121, 133 (1997).

That said, even if the statute at issue does not provide for a private right of action, plaintiffs' claims should not automatically be dismissed.  Under the liberal rules of federal practice, dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper "only where there is no cognizable legal theory or an

1  absence of sufficient facts alleged to support a cognizable legal

2  theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A

3  plaintiff's "complaint is not to be dismissed because the

4  plaintiff's lawyer has misconceived the proper legal theory of the

5  claim, but is sufficient if it shows that the plaintiff is entitled

6  to any relief which the court can grant, regardless of whether it

7  asks for the proper relief." United States v. Howell, 318 F.2d

8  162, 166 (9th Cir. 1963).    As the Supreme Court recently

9  explained, however, "[w]hile a complaint attacked by a Rule

10  12(b)(6) motion to dismiss does not need detailed factual

11  allegations, a plaintiff's obligation to provide the 'grounds' of

12  his 'entitle[ment] to relief' requires more than labels and

13  conclusions, and a formulaic recitation of the elements of a cause

14  of action will not do." Bell Atlantic Corp. v. Twombly, -- U.S. --

15   2007 WL 1461066 *8  (2007) (citations omitted).  In Bell, the

16  Supreme Court held that a dismissal for failure to state a claim

17  does not require an appearance, beyond a doubt, that a plaintiff

18  can prove no set of facts in support of claim that would entitle

19  him to relief. Id. at *10.  This holding abrogates the well-known

20  holding in Conley v. Gibson that, "a complaint should not be

21  dismissed for failure to state a claim unless it appears beyond

22  doubt that the plaintiff can prove no set of facts in support of

23  his claim which would entitle him to relief." 355 U.S. 41, 45-46

24  (1957).

25      With this in mind, the court turns to the claims that

26  defendant contests.

1        **b.    Plaintiffs' First, Seventh and Ninth Causes of Action**

2        Plaintiffs' first, seventh and ninth claims sufficiently state

3    a cause of action on which relief could be granted.  Although the

4    claims make reference to provisions in the California Corporations

5    Code which do not provide for private rights of action, common law

6    claims are also asserted and accordingly, these claims present

7    cognizable legal theories.

8        Moreover, the code is by no means irrelevant just because it

9    does not provide for a private right of action.  Courts frequently

10   look to statutes to determine appropriate standards of conduct.

11   As Justice Roger J. Traynor so eloquently stated:

12           A judge's responsibility is the greater now that legislatures
             fabricate laws in such volume.  The endless cases that
13           proceed before him increasingly involve the meaning or
             applicability of a statute, or on occasion, its
14           constitutionality. . . .Except for constitutional
             limitations, legislators innovate them with a freedom unknown
15           to judges, who must ordinarily stay within the confines of
             precedent and articulate the reasons for their rules.  A
16           statute may be a fat code or a thin paragraph or a starving
             sentence.  It may cast a heavy shadow on the common law or a
17           light one, or it may idly plane until some incident sends it
             careening into action.  The hydraheaded problem is how to
18           synchronize the unguided missiles launched by legislatures
             with a going system of common law.
19

20   Roger J. Traynor, Statutes Revolving in Common Law Orbits, 43 State

21   Bar Journal 509, 531 (1968).

22       Plaintiffs' first cause of action is entitled, "Breach of

23   Fiduciary Obligations and Duties, California Corporations Code §

24   7231 and Common Law Breach of Fiduciary Duty."  Compl. ¶ 58-70.[2]

25   ————————————————

26       [2]   Cal. Corp.  Code § 7231 is entitled "performance of
     duties; degree of care; reliance on reports, etc.; good faith;

15

1  As the title of the claim suggests, this cause of action alleges

2  that defendants breached their fiduciary duties by self-dealing and

3  misappropriating CUSA funds and property for personal use. Compl.

4  ¶ 65.  The claim also alleges that CUSA funds and property were

5  used to "found and operate ACO and ACOIN."  Compl. ¶  66.

6  Plaintiffs do not dispute that California Corporations Code § 7231

7  does not create a private right of action, however, plaintiffs are

8  not relying exclusively on this provision to state their claim.

9  Rather, plaintiffs are bringing what appears to be a common law

10  claim for breach of fiduciary duty.  Merely including reference to

11  the California Corporations Code § 7231 does not, in and of itself,

12  justify dismissal of the claim.

13       Plaintiffs' seventh cause of action is entitled, "Unauthorized

14  use of another's name, California Corporations Code § 8816 and

15  Common Law."  Compl.  ¶ 142-154.[3]  In this claim, plaintiffs allege

16

17  exemption from liability" and sets forth the duties of directors.
   There is no indication that this section of the Corporations Code
18  creates a private right of action.

19       [3] Cal. Corp. Code § 8816 provides:

20           Every person who, without being authorized so to do,
             subscribes the name of another to or inserts the name of
21           another in any prospectus, circular or other
             advertisement or announcement of any corporation,
22           whether existing or intended to be formed, with intent
             to permit the document to be published and thereby to
23           lead persons to believe that the person whose name is so
             subscribed is an officer, agent or promoter of such
24           corporation, when in fact no such relationship exists to
             the knowledge of such person, is guilty of a
25           misdemeanor.

26       Cal. Corp. Code § 8816.

1  that defendants used CUSA's "name, trademark rights, and
2  promotional items, including but not limited to, $80,000 worth of
3  CUSA hats, jackets, t-shirts, pins, sweat shirts . . ." Compl. ¶
4  148.  Plaintiffs allege that defendants are using this property to
5  create and "promote a rival organizations [sic] with the intent to
6  confuse and lead others to believe that they are authorised by CUSA
7  to do [sic] and are affiliate [sic] with CUSA." Compl.  ¶ 151.
8  As a result, plaintiffs allege that they were deprived of their
9  name and property and have suffered economic damages as a result.
10 Compl ¶ 152.

11      Plaintiffs do not dispute that California Corporations Code
12 § 8816 does not provide for a private right of action.  That said,
13 a claim should only be dismissed if there is no cognizable legal
14 theory upon which relief could be granted.  Here, plaintiffs have
15 set forth sufficient facts which could establish a cause of action
16 for invasion of privacy, trademark infringement, or breach of the
17 implied covenant of good faith and fair dealing, among other
18 conceivable tort and/or contacts claims.

19      Finally, plaintiffs' ninth cause of action is labeled, "Fraud
20 and Concealment of Material Facts Fraudulent; Acquisition of
21 corporate property, California Code § 8814 and Common Law Fraud."
22 Compl.  ¶ 171-186.[4]  In this cause of action, plaintiffs allege

23 ────────────────

24      [4]  California Corporations Code § 8814 provides:

        Fraudulent acquisition of corporate property; falsification
25      of books, records or documents

26      (a) Every director, officer or agent of any corporation, who

17

1  that defendants acted fraudulently when they falsified records and

2  granted themselves stipends and wages to which they were not

3  entitled.   See Compl. ¶ 173-174.   Plaintiffs also allege that

4  defendants misused CUSA credit cards and made misrepresentations

5  to the CUSA Board of Directors about CUSA's finances.   Compl.   ¶

6  176 & 181.

7      As with plaintiffs' first and seventh claims, California

8  Corporations Code § 8814 does not provide for a private right of

9  action.   However, mere mention of this provision does not justify

10  dismissal of the claim.   While the complaint could be clearer,

11  plaintiffs' ninth cause of action sets out allegations which could

12  provide the basis for a claim of common law fraud.   Namely,

13  plaintiffs allege that defendants acted fraudulently when they used

14  CUSA funds and property for personal gain and to create the two new

15  organizations.

16  _____

17      knowingly receives or acquires possession of any property of
        the corporation, otherwise than in payment of a just demand,

18      and, with intent to defraud, omits to make, or to cause or
        direct to be made, a full and true entry thereof in the books

19      or accounts of the corporation is guilty of a crime.
        (b)   Every director, officer, agent or member of any

20      corporation who, with intent to defraud, destroys, alters,
        mutilates or falsifies any of the books, papers, writings or

21      securities belonging to the corporation or makes or concurs
        in omitting to make any material entry in any book of

22      accounts or other record or document kept by the corporation
        is guilty of a crime.

23      (c)   Each crime specified in this section is punishable by
        imprisonment in state prison, or by imprisonment in a county

24      jail for not exceeding one year, or a fine not exceeding one
        thousand   dollars   ($1,000),   or   both   such   fine   and

25      imprisonment.

26  Cal. Corp. Code § 8814.

18

1    Given that these claims are based on common law causes of
2    action, dismissal is not warranted or justified. Accordingly, the
3    court denies defendant's motion to dismiss claims one, seven and
4    nine.

5        **c.  Plaintiffs' Second, Third and Fourth Causes of Action**

6        Unlike the claims discussed above, plaintiffs' second, third
7    and fourth causes of action make reference only to sections of the
8    California Corporations Code which do not create private rights of
9    action.  These causes of action fail to set forth factual
10   allegations which "raise a right to relief above the speculative
11   level." Bell Atlantic Corp., --- U.S. ----, 2007 WL 1461066 *8
12   (2007).

13       Plaintiffs' second cause of action is entitled "Conflict of
14   Interest, Cal. Corp. Code § 7233." Plaintiffs appear to allege
15   that defendants acted under a conflict of interest when they failed
16   to disclose to CUSA the extent to which they were using CUSA funds
17   and property.  See Compl.  ¶ 71-84.  Defendant asserts, and
18   plaintiffs do not contest, that California Corporation Code § 7233
19   does not provide for a private right of action.[5]  It is not
20   entirely clear under what alternative legal theory plaintiffs could
21   assert a claim for "conflict of interest." Perhaps the allegation
22   that defendants were acting under a conflict of interest is

23

24       [5] Cal. Corp. Code § 7233 is entitled "Conflicts of interest;
     disclosure; common directorships; just and reasonable contracts"
25   and sets forth the types of conflicts of interest that may arise
     in a corporate setting.
26

1  subsumed in plaintiffs' claims for breach of fiduciary duty, fraud

2  or interference with prospective business relations and economic

3  advantage.  Although the court should not dismiss a claim when the

4  "plaintiff's lawyer has misconceived the proper legal theory"

5  Howell, 318 F.2d at 166,  it is also not the court's responsibility

6  to hypothesize as to all possible legal theories under which a

7  plaintiff could proceed.  Accordingly, plaintiffs' second cause of

8  action is dismissed with leave to amend.

9       Plaintiffs' third and fourth causes of action suffer similar

10 flaws.   The third claim is entitled "Prohibited advances for

11 expenses, loan, obligations, and guarantees of director, California

12 Corporations Code § 7235."[6]  The fourth cause of action is entitled

13 "Falsification and Failure to Keep Adequate Books and Records,

14 California Corporations Code §§ 8320 and 8813."[7]   Defendant

15 asserts, and plaintiffs do not dispute, that these provisions of

16 the Code do not provide for private rights of action.   Moreover,

17 _____

18      [6]   California Corporations Code § 7235 is entitled, "Loans
   or guarantees of obligations of director or officer; advances for
19 expenses; exceptions" and sets forth the circumstances under which
   a corporation may make loans.
20

21      [7]   California Corporations Code § 8320 is entitled, "Books
   and records" and sets forth the type of records that a corporation
22 must keep.   Section 8813 is entitled, "False financial reports or
   statements; failure to make book entries or post notices" and sets
23 forth the grounds upon which a director or officer may be found
   guilty of a crime.
24

25

26

the allegations in both claims are essentially that defendants breached their fiduciary duties when they used CUSA funds and property.   Plaintiffs already assert a claim for breach of fiduciary duty and accordingly, it is not clear if there is an independent and cognizable legal theory on which plaintiffs could proceed.   For these reasons, plaintiffs' third and fourth claims are dismissed with leave to amend.

### 3.   Plaintiffs' Sixth Cause of Action

Defendant asks that plaintiffs' sixth cause of action be dismissed for failure to state a claim for interference with prospective business relations and economic advantage.   See Def.'s Mot. to Dis. at 7.   For the reasons discussed herein, defendant's motion with respect to plaintiffs' sixth cause of action is denied.

A claim for intentional interference with prospective economic advantage involves the following elements:   "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."   Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1153 (2003).

Here, plaintiffs set forth sufficient factual allegations to support their claim for interference with economic advantage. Specifically, plaintiffs allege that defendants had a relationship with CUSA members and certain businesses with whom CUSA worked.

21

1   Compl. ¶ 136-137.  Plaintiffs claim that defendants knew of these

2   contacts and allegedly "instructed CUSA business contacts, vendors,

3   members, correctional officer associations, and correctional

4   members . . . to not do business with CUSA." Comp. ¶¶ 132, 133,

5   136.  According to plaintiffs, "CUSA business contacts have

6   received correspondence, e-mails, and phone calls from [defendants]

7   instructing them to not do business with CUSA." Compl. ¶ 137.  As

8   a result of defendants' actions, plaintiffs claim that they have

9   been deprived of membership dues and service fees and as a result

10  have suffered financially.  These factual allegations are

11  sufficient to state a cause of action for intentional interference

12  with prospective economic advantage.  Accordingly, defendant's

13  motion to dismiss plaintiffs' sixth cause of action is denied.

14          **4.  Plaintiffs' Tenth Cause of Action**

15          Defendant also seeks dismissal of plaintiffs' tenth cause of

16  action on the grounds that it fails to state a claim for

17  conversion.  Defendant avers that in making a claim for conversion,

18  California law requires that a plaintiff allege with specificity

19  the amount that was allegedly converted.  Def.'s Mot. to Dis. at

20  8, citing Vu v. Calif. Commerce Club, 58 Cal. App. 4th 229, 235

21  (1997).  Contrary to defendant's contention, plaintiffs do in fact

22  allege with specificity the amount converted.  See Comp.  ¶¶ 25,

23  26, 27, 35, 36, 37, 47, 48, 52, 54, and 55. Although these amounts

24  are not specifically mentioned in plaintiffs' tenth cause of

25  action, plaintiffs' tenth cause of action states that it

26  incorporates by reference paragraphs one through 186.  For these

1  reasons, defendant's motion to dismiss plaintiffs' tenth cause of

2  action is DENIED.

3  **B.    Defendant's Motion to Strike & Motion for a More Definite**
   **Statement**

4

5       Defendant moves to strike plaintiffs' complaint in its

6  entirety.  Defendant avers that the complaint is "replete with

7  redundant and immaterial allegations."  Def.'s Mot. Dis. at 9.

8       Federal Rule of Civil Procedure 12(f) authorizes the court to

9  strike from any pleading "any redundant, immaterial, impertinent,

10 or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike

11 are viewed with disfavor, and will usually be denied unless the

12 allegations in the pleading have no possible relation to the

13 controversy, and may cause prejudice to one of the parties.  See

14 5A C. Wright & A. Miller, Federal Practice and Procedure, § 1380

15 (3d ed. 2004).  While this complaint totals forty pages and, at

16 times, is unclear and repetitive, defendant has failed to establish

17 which allegations have no possible relation to the controversy.

18 Defendant also fails to explain how the "redundant and immaterial"

19 allegations may cause prejudice.  Accordingly, the motion to strike

20 is denied.

21      Defendant also moves for a more definite statement pursuant

22 to Federal Rule of Civil Procedure 12(e).  Federal Rule of Civil

23 Procedure 12(e) provides:  "If a pleading to which a responsive

24 pleading is permitted is so vague or ambiguous that a party cannot

25 reasonably be required to frame a responsive pleading, the party

26 may move for a more definite statement before interposing a

1  responsive pleading." Fed. R. Civ. P. 12(e). "The situations in
2  which a Rule 12(e) motion is appropriate are very limited."
3  See 5A C. Wright & A. Miller, Federal Practice and Procedure, §
4  1377 (3d ed. 2004).

5      Defendant seeks a more definite statement as to plaintiffs'
6  first, fourth, seventh, and ninth causes of action.  As discussed
7  above, plaintiffs' fourth cause of action is dismissed with leave
8  to amend.  With respect to the other causes of action, defendant
9  is essentially seeking a more definite statement of the legal
10 theory under which plaintiffs are proceeding.  However, absent
11 special circumstances, a Rule 12(e) motion cannot be used to
12 require the pleader to set forth "the statutory or constitutional
13 basis for his claim, only the facts underlying it." McCalden v.
14 California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990).
15 Here, plaintiffs have set forth forty pages of factual allegations.
16 The factual allegations of the complaint are relatively straight
17 forward and through discovery, the issues and claims will no doubt
18 be narrowed and refined.  Accordingly, defendant's motion for a
19 more definite statement is denied.

20                              **IV.**

21                          **CONCLUSION**

22     1.   Defendant's motion to dismiss, to strike and for a more
23          definite statement, is granted in part and denied in
24          part.

25 ////

26 ////

2.   Plaintiffs' are granted thirty days from the date of
       this order to file an amended complaint.

IT IS SO ORDERED.

DATED:  May 29, 2007.


_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

25